UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SQUIRE PATTON BOGGS (US) LLP<br>1801 California Street, Suite 4900<br>Denver, CO 80202<br><br>           Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF HEALTH and<br>HUMAN SERVICES<br>Hubert H. Humphrey Building<br>200 Independence Ave., SW<br>Washington, DC 20201<br><br>and<br><br>OFFICE OF INSPECTOR GENERAL for the<br>U.S. DEPARTMENT OF HEALTH and<br>HUMAN SERVICES<br>330 Independence Avenue, SW<br>Washington, DC  20201<br><br>           Defendants. | Civil Action No. ____ |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

1. Squire Patton Boggs (US) LLP ("Squire Patton Boggs") brings this action against Defendants U.S. Department of Health and Human Services ("HHS") and Office of Inspector General for the U.S. Department of Health and Human Services ("OIG") (collectively "Defendants"), to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. By this action, Squire Patton Boggs (the "Requestor") seeks declaratory relief that Defendants are in violation of FOIA for failing to produce documents in response to the Request

for Information regarding OIG Report OEI-06-10-00520 (the "FOIA Request"), dated October 10, 2018, and attached hereto as **Exhibit A**. Squire Patton Boggs also seeks injunctive relief ordering Defendants to produce all documents responsive to the FOIA Request in its entirety. In addition, Squire Patton Boggs seeks attorneys' fees and costs pursuant to 5 U.S.C § 552(a)(4)(E).

## PARTIES

3. Plaintiff Squire Patton Boggs (US) LLP is an Ohio Limited Liability Partnership with its principal place of business in Ohio, and with many other offices, including an office in the District of Columbia.

4. Defendant Office of the Inspector General for the U.S. Department of Health and Human Services is an "agency" within the meaning of 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C.

5. Defendant U.S. Department of Health and Human Services is an "agency" within the meaning of 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C.

6. OIG and/or HHS have possession, custody, and control of certain public records that Squire Patton Boggs has sought to access under FOIA.

7. Plaintiff has standing because it submitted the FOIA Request, a proper request for records under the Freedom of Information Act, 5 U.S.C. § 552, and Defendants have not provided any records or provided a determination regarding the FOIA Request within the mandatory deadline, or since, to the date of filing of this Complaint.

## JURISDICTION AND VENUE

8. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 1361.

9. Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## **LEGAL BACKGROUND**

10. "FOIA requires the government to disclose, upon request, broad classes of documents identified in 5 U.S.C. § 552(a)," unless the documents are exempted under 5 U.S.C. § 552(b). *Prison Legal News v. Samuels*, 787 F.3d 1142, 1146 (D.C. Cir. 2015).

11. Within twenty working days after receipt of a request for records, FOIA requires the agency to respond to the requester by notifying the requester of, among other things, (1) whether the agency will comply with the request and (2) of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 522(a)(6)(A)(i).

12. HHS regulations require its sub-agencies and sub-components to acknowledge all FOIA requests "in writing within 10 working days after receipt." 45 C.F.R. § 5.24(a). A request is "perfected" when the request has been received by the responsible FOIA office, or in any event, not later than ten working days thereafter, when the requested records are reasonably described, and when the request contains sufficient information to enable the FOIA office to contact the requester and transmit the records sought. 45 C.F.R. § 5.24(b). Thus, at latest, the statutory 20-day period begins to run ten days after a request is received. *See id.*; 5 U.S.C. § 522(a)(6)(A)(i).

13. The agency's response may not "simply decide to later decide." Its response must provide particularized assurance "of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013) ("*CREW*").

14. An agency may extend this twenty-day period to make a determination under "unusual circumstances" defined by 5 U.S.C. § 552(a)(6)(B)(iii). Under HHS's FOIA

regulations, where an agency cannot meet the statutory twenty-day deadline due to "unusual circumstances," the agency must—"before expiration of the 20-day period"—notify the requester, in writing, of the agency's inability to meet the deadline and provide the date by which the agency estimates it will complete processing the request. 45 C.F.R. § 5.24(f). If such an extension exceeds ten working days, the agency must provide the requester with an opportunity to modify the request or arrange an alternative time period for processing the request, and in addition, inform the requester of "the right to seek dispute resolution services from the Office of Government Information Services." *Id.*

15. Under FOIA, an agency must then locate and "promptly" make available the requested records, 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i), unless it can establish that it may lawfully withhold records, or portions of records, under narrowly defined FOIA exemptions in § 552(b).

16. HHS's FOIA regulations provide for a tracked response process that distinguishes requests based on the estimated number of workdays required to respond. 45 C.F.R. § 5.24(e). But this process does not alter the statutory deadline for an agency to determine whether to comply with a FOIA request.

17. When an agency fails to make a timely determination with respect to a perfected FOIA request, a requester has exhausted administrative remedies with respect to the request. 5 U.S.C. § 552(a)(6)(C)(i); *CREW*, 711 F.3d at 184.

## FACTUAL BACKGROUND

18. On November 13, 2013, OIG issued a report, titled "Medicare Hospital Outlier Payments Warrant Increased Scrutiny" (the "2013 OIG Report").[1]

---

[1] *Medicare Hospital Outlier Payments Warrant Increased Scrutiny* (OEI-06-10-00520),

4

19.     Prior to issuing the 2013 OIG Report, OIG provided an advance copy (the "advance copy") to CMS for review and comment.

20.     CMS wrote to OIG, providing comments on the advance copy of the 2013 OIG Report.  **Exhibit A** at 21-22.  CMS's comment letter bears the date September 23, 2013.

21.     On October 10, 2018, Plaintiff submitted the FOIA Request online to OIG.  The FOIA Request was titled "Freedom of Information Act Request for Information regarding OIG Report OEI-06-10-00520."  **Exhibit A** at 1-2.[2]

22.     The FOIA Request stated:

> ***Requested documents:***
>
> Please provide copies of the following documents relating to OIG's delivery of the advance copy of the 2013 OIG Report to CMS for review:
>
> > **The written communication(s) (e.g., letters or emails) from OIG to CMS transmitting the advance copy of the 2013 OIG Report to CMS for review prior to the report's public release, including a copy of [sic] advance copy of the 2013 OIG Report provided to CMS.**

**Exhibit A** at 2.

23.     The FOIA Request stated that Plaintiff was "willing to reimburse OIG up to $500.00 for expenses incurred in responding," and requested that Defendants "[p]lease promptly telephone or email . . . if you anticipate that the amount will exceed $500."  *Id.*

24.     The FOIA Request reasonably described the requested records, by identifying the offices involved, the approximate dates on which the records were created, and the subject of the records, and providing a concise description of the records.

---

available at https://oig.hhs.gov/oei/reports/oei-06-10-00520.asp; *see also* **Exhibit A** at 3-24.

[2] There was a technical issue with Plaintiff's first online submission on October 10, 2018.  After an email from Defendants, Plaintiff successfully re-submitted (still on October 10, 2018), and **Exhibit A** is a copy of this successful resubmission.

25. The FOIA Request provided contact information for the requester, through its representative, for which it provided a name, full mailing address, phone number, and email address. The FOIA Request also specified a willingness to pay fees up to $500 for the request, and asked Defendants to contact the Requester if fees might exceed that amount.

26. The subject line of the FOIA Request prominently included the words "Freedom of Information Request."

27. On the same day that Plaintiff submitted the FOIA Request, OIG responded to "acknowledge receipt" of the request and to provide Plaintiff with the "case number" that Defendants had assigned to the request: OIG-19-0051-SS. A copy of the response is attached hereto as **Exhibit B**.

28. Thus, the FOIA Request was both received and perfected on October 10, 2018, the day of receipt, and the 20-day statutory deadline for a determination by Defendants began to run. 45 C.F.R. § 5.24(b); 5 U.S.C. § 522(a)(6)(A)(i).

29. Twenty working days after October 10, 2018, was November 8, 2018. By that date, Plaintiff had received no communication from Defendants regarding the FOIA Request other than the initial acknowledgment of receipt of the request. In addition, as of January 8 2019, Plaintiff has still not received any communication (other than the initial acknowledgment) regarding the FOIA Request from Defendants or any other agency: no determination of whether Defendants will comply, no description of "unusual circumstances" warranting an extension, no requests for additional information, and no clarifications regarding fee assessment. Furthermore, as of January 8, 2019, Plaintiff has received no records responsive to its request, nor any communications regarding whether such records exist.

30. Defendants have unlawfully failed to provide Plaintiff with the determinations required by FOIA and HHS's governing regulations.

31. Defendants have failed in their obligation to gather and review all records requested by Plaintiff, determine and communicate the scope of the documents they intend to produce or withhold, and inform Plaintiff that it can appeal any portions of the determination that are adverse.

32. Defendants have not informed Plaintiff whether any responsive records exist, provided an estimate of the volume of responsive records, indicated whether any FOIA exemptions might apply, or whether Defendants will supply any records at all to Plaintiff. Defendants have not given Plaintiff a date by which responsive records will be produced, not even an estimated date.

33. By failing to provide a determination under § 552(a)(6)(A)(i) or produce the requested records, Defendants have waived any ability to now seek any search fees. § 552(a)(4)(A)(viii)(I).

34. Because Defendants have failed, before the filing of this complaint, to make the required determinations or to provide Plaintiff with the requested records, Plaintiff has exhausted its administrative remedies with respect to the FOIA Request. *See* 5 U.S.C. § 552(a)(6)(C)(i); *CREW*, 711 F.3d at 184.

## PLAINTIFF'S CLAIM FOR RELIEF

35. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if set forth in full herein.

36. Plaintiff submitted the FOIA Request to Defendant OIG on October 10, 2018, pursuant to and in compliance with the FOIA and applicable HHS regulations. The FOIA Request was perfected, under 45 C.F.R. § 5.24(b), on October 10, 2018.

37. Defendants possess and have control of, or have a right to obtain, the documents requested in the FOIA Request.

38. The requested records are not exempt from disclosure under any paragraph of 5 U.S.C. § 552(b), and Defendants have asserted no such exemptions.

39. Plaintiff has a statutory right to receive a determination from Defendants as to its FOIA Request within the time frame required by FOIA and to promptly receive any responsive records.

40. Defendants have violated FOIA by failing to make the required determinations in response to Plaintiff's outstanding FOIA Request and failing to produce any records.

41. Plaintiff is harmed by Defendants' violation of FOIA and Defendants' unlawful withholding of records to which Plaintiff is entitled. Plaintiff will continue to be harmed unless Defendants are compelled to comply with the statute and produce the requested records forthwith.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and for the following relief:

a. A declaration pursuant to 28 U.S.C. § 2201 declaring that Defendants' failure to produce documents responsive to the FOIA Request violates 5 U.S.C. § 552(a).

b. An order enjoining Defendants to: (1) respond to the FOIA Request; and (2) release immediately all records responsive to the FOIA Request.

  c.  An order awarding Plaintiff its costs and attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E).

  d.  Such other and further relief as this Court deems just and proper.

Respectfully submitted this 8th day of January, 2019.

            By: */s/ Keith Bradley*
               Keith Bradley (D.C. Bar #252505)
               E-mail: keith.bradley@squirepb.com

               */s/ Stephen P. Nash*
               Stephen P. Nash (D.C. Bar #PA0037)
               E-mail: stephen.nash@squirepb.com

               SQUIRE PATTON BOGGS (US) LLP
               1801 California, Suite 4900
               Denver, CO  80202
               Tel.: (303) 830-1776
               Fax: (303) 894-6173

               *Counsel for Plaintiff*